CARMELO MENDOZA, doing business under the name of HOTEL LA PALMA, Petitioner, *v.* MINIMUM WAGE BOARD, Respondent.

No. 111.    Argued March 3, 1953.—Decided April 22, 1953.

696

*Luis F. Sánchez Vilella, Celestino Morales, Jr.,* and *Sarah Torres Peralta,* for petitioner. *Joaquín Gallart Mendía* and *Domingo Candelario,* for respondent.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

Carmelo Mendoza, doing business under the name of Hotel La Palma, has filed in this Court a petition for review challenging the validity of Mandatory Decree No. 22, approved by the Minimum Wage Board on August 6, 1952, which decree is applicable to hotel businesses. Independently of the fact that practically all the questions raised by petitioner have already been considered and decided in the cases of *Hilton Hotels, Inc.* v. *Board; Condado Beach Hotel* v. *Board* and *Hotel Palace, Inc.* v. *Board,* decided today, *ante,* pp. 628, 678, and 689. We are bound to dismiss the petition filed herein thereby sustaining the motion to dismiss filed by the Board.

Petitioner did not appear before the Minimum Wage Board at any stage of the proceeding, nor urged objections or proposed amendments of any kind to the Board. He raises for the first time his objections in this Court. He has not exhausted his administrative remedies as required by the Minimum Wage Act which exclusively govern the review of decrees by this Court.

Section 24 of the aforecited Act provides, in part, the following: ·

"The findings of fact at which the board, acting within its powers, may arrive, shall, in the absence of fraud, be conclusive. Any person aggrieved by any decree, regulation, resolution, or order of the board may, within the term of fifteen days after the promulgation of the mandatory decree or of the resolution or

order, file petition for review in the Supreme Court of Puerto Rico. Various actions for review may be joined in a single action, when the questions raised therein are identical. The court may affirm, annul, or remand to the board for further action, the decree, regulation, resolution, or order; but the annulment or remanding shall be only on the ground that the board acted *without authority or beyond its powers, if said questions were specifically and opportunely raised before the board, following the procedure provided for in sections 9 and 10 for setting forth objections and proposing amendments in connection with the adoption of decrees, or on the ground that the decree, regulation, resolution, or order was procured through fraud."* (Italics ours.) [1]

As we have seen, said Section requires that the question be raised before the Board following the procedure provided for in §§ 9 and 10 for setting forth objections and proposing amendments. Sections 9 and 10 provide:

"Section 9.— (As amended by Act No. 48 of June 10, 1948.) —As soon as the board has adopted the said draft for a decree, the same shall be made known by publication in at least one daily newspaper of general circulation in the country, and a copy shall be furnished to any interested person who requests it. The publication shall include a notice, which shall be inserted before the copy of the draft, warning that the same has been introduced, that there are available copies thereof to be sent or furnished to the interested parties, and that, within the fifteen days following the date which shall be stated in the notice itself, any person or party *who may be aggrieved or adversely affected by the proposed decree,* shall be entitled to file a written statement under oath stating the nature of such prejudice or adverse interest, *setting forth his objections thereto or proposing such amendments as he may consider pertinent for the draft, and setting forth the evidence available to him for the support of his contentions.*

"If the said fifteen days expire without a statement in the manner prescribed by the preceding paragraph being received in the office of the secretary of the board, the draft shall become a mandatory decree as published, and shall take effect with the

[1] In its English text, adopted from the Fair Labor Standards Act, the right of review is granted to "any person aggrieved by an order," etc.

force of law fifteen days after notice thereof has been published in one newspaper of general circulation in the country, unless a longer term is provided by the board, which term shall not exceed ninety (90) days from the publication of said notice."

"Section 10.— (As amended by Act No. 48 of June 10, 1948.) —Whenever any person or party makes the written statement mentioned in the preceding section, as well as in any other case in which the board may deem it advisable, the date and place shall be fixed for the holding of a public hearing for the purpose of considering the draft for the decree and of determining whether or not the same shall be finally approved to govern and bind the employers, employees and laborers of the industry, business, or occupation investigated. The said hearing which shall be held before the board, the chairman thereof, or a receiver of evidence appointed by him, shall be advertised by notice published in at least one newspaper having the largest general circulation in the country, not less than ten days in advance of such hearing. In said hearing the board shall offer as evidence all such statistics, surveys, investigations, data, documents, testimonies, and any other information as it may deem pertinent; and interested parties shall be heard, and all the pertinent evidence they adduce shall be received. Stenographic record shall be made of the proceedings.

"The board shall grant any person who may so request at the closing of the hearing, a term of not less than ten (10) days within which to file written statements setting forth objections or proposing amendments to the draft for a decree, based on the evidence submitted and heard in the hearing.

"Upon expiration of the term to file written statements, the board shall proceed to issue a mandatory decree for the industry, business or occupation in question, which shall take effect with the force of law fifteen (15) days after notice for the purpose is published in a newspaper having the largest general circulation, unless a later effective date is provided for in the said notice, which date shall in no case exceed ninety (90) days from the publication of the said notice." (Italics ours.)

Petitioner did not follow the procedure provided for in the aforesaid §§ 9 and 10 and therefore, has not fulfilled the requirement set forth at § 24. He did not exhaust his administrative remedies in the manner provided by the statute,

wherefore this Court lacks jurisdiction on the case.  *Cf. Todd v. Securities & Exchange Commission*, 137 F. 2d 475, 478.

■ Petitioner alleges that § 24 refers to the right of review of "persons aggrieved" and not "parties aggrieved" and that, therefore, it was not necessary that petitioner himself be a party in the proceeding before the Board, being it sufficient that the "question were raised before the board" by any other person who had been a party in the proceeding before the Board.  The argument is plausible, and would correspond to the desirability of considering the questions on the merits, dispensing with technicalities.  But § 24 goes still farther, and explicitly requires that the question be raised before the Board "specifically and opportunely following the procedure provided for in Sections 9 and 10."  Considering jointly, as we should, §§ 24, 9, and 10 of the Act, it is evident that the "person adversely affected" or "aggrieved" to whom § 24 refers, must be one who has followed the procedures of §§ 9 and 10, that is, a person who has raised his objections before the Board opportunely.

The construction which we are adopting could be considered as restrictive, but it corresponds to the provisions of law.  Besides, said norm may stimulate aggrieved persons to raise opportunely their points of view to the Board, who would have the benefit of the objections.  Apparently, that is the purpose of law.  This tends to prevent some interested persons from obtaining passively the benefit of the work and efforts of other aggrieved persons who act diligently in making their objections known to the Board.

The petition for review brought herein, should be dismissed.

---

ON RECONSIDERATION
(June 30, 1953)

MR. JUSTICE ORTIZ delivered the opinion of the Court.

Petitioner asks us to reconsider the judgment rendered by this Court on April 22, 1953 by virtue of which we dismissed the appeal filed herein.  We based our action on the

fact that petitioner did not appear before the Minimum Wage Board at any stage of the proceeding, nor set up any objections or proposed amendments of any kind to the Board, raising for the first time his objections before this Court. We held that the "person adversely affected" or "aggrieved," entitled to the right of review before this Court under § 24 of the Minimum Wage Act, must be one who has complied with the provisions of §§ 9 and 10, that is, that he has opportunely raised his objections before the Board.

■■ Petitioner, however, is in part correct, in moving for a reconsideration. As we held in *Hilton Hotels Inc.* v. *Minimum Wage Board, ante,* p. 628, the afore-cited §§ 9 and 10 are applicable to those objections which could have been raised with respect to the first draft of the decree, but it is unnecessary, as a prerequisite to the filing of a petition for review, to raise objections before the Board regarding new matters contained in the final decree which were not included in the draft for the decree.

In the case at bar, several of petitioner's objections refer to questions which were not included in the draft for the decree but in the final decree, whereby the dismissal of the petition for review does not lie. But considering said objections on the merits, they were already discussed and decided by this Court, adversely to the petitioner in *Hilton Hotels, Inc.* v. *Board; Condado Beach Hotel* v. *Board;* and *Palace Hotel, Inc.* v. *Board, ante,* pp. 628, 678 and 689. Most of said questions were directly and specifically decided, and as to the others, the reasoning developed and expressed in those cases serves as a ground for our conclusion that the decree is valid as to said questions.

■ In the cases cited we reached the conclusion that § VI of Mandatory Decree No. 22 should be declared void. Said decision may not be extended to the case at bar since the provision contained in § VI had already been included in the draft for the decree and the petitioner did not appear before the Board or raise any objection to said provision thereby

failing to comply with the requirements of §§ 9, 10 and 24 of the afore-cited Act as to that particular.

Our judgment of April 22, 1953, should be vacated insofar as it dismisses the appeal taken, but, upon considering the same on the merits, Decree No. 22 shall be declared valid insofar as petitioner herein is concerned.

---

ON RECONSIDERATION
(Aug. 11, 1953)

MR. JUSTICE ORTIZ delivered the opinion of the Court.

Both parties ask us to reconsider our judgment rendered on reconsideration on June 30, 1953. We decreed therein the validity *in toto* of Decree No. 22 insofar as appellant is concerned in the present case. Both parties have asked us to explain the scope of that part in our opinion wherein we held that our judgment decreeing the nullity of § VI of Mandatory Decree No. 22, entered in *Condado Beach Hotel* v. *Board*, could not be applied to this case because petitioner had not appeared before the Board at any time whatsoever to attack the validity of said Section which was included in the draft for a decree.

■■ After considering anew the question sought to be clarified, we have reached the conclusion that the view expressed in our earlier opinion to the effect that our judgment in the other hotels cases, as to § VI of Decree No. 22, could not be extended to this case, was erroneous. According to § 9 of the Minimum Wage Act, a mandatory decree approved by the Minimum Wage Board has the force of law. This statutory provision follows the general rule that the administrative establishment of a wage rate is the making of a rule for the future, and therefore is an act legislative in kind (*Prentis* v. *Atlantic Coast Line Co.*, 211 U. S. 210; Davis, *Administrative Law*, pp. 192, 595; *cf. Arizona Grocery* v. *Atchison Ry.*, 284 U. S. 370, 389), although it requires a "quasi judicial" proceeding for its approval. *Cf. Morgan* v. *United*

*States*, 298 U. S. 468. Since it is legislative in its nature, the validity or invalidity of its provisions, or of some of them, should be of general application and not restricted to the specific litigants who may have attacked them pursuant to the statute. A judicial review of a decree is tantamount to an attack, partial or total, of that "Act," according to the statutory proceeding. The annulment of a specific part of a decree is analogous to the modification of an Act, by judicial proceedings, the decree thus modified being nonetheless an act of general application. The judicial ratification of the entire decree implies that the decree, like an Act, retains its general integrity and validity, applicable to every person and entity.

We also reconsider our judgment as to the invalidity of § VI. We decreed the nullity of this provision in view of the fact that it was not sustained by adequate evidence. But this being so, any judgment entered as to § VI or any variation introduced to said Article would be of no practical effect as to the margin of reasonable benefits of the hotels nor as to the real wages of the workmen. The factors as to the amount of discounts for services might vary, but the result would always be the same as to the real benefits and wages. Therefore, any procedural defect that might have been committed by the Board in approving § VI, is of no concrete signification.

The total expenses of the hotels, as determined by the Board, for the purpose of establishing the amount of reasonable benefits, necessarily included the item of cost of the services rendered to the employees, even if said item were not separately accounted. The total gross income of the hotels also included the item of discounts authorized by the Board under § VI. The difference between both items, expenses and total income, represents the margin of reasonable benefit of those enterprises. A variation in the amounts of the discounts would mean a variation in the item of total income, but it would also imply a corresponding change in the item of expenses for the purpose of varying proportionately the

wages of the employees in order that the latter should always have the same real wage (fixed wage less discounts) and in order that the hotels should always have the same margin of reasonable benefits. Therefore, any possible error in the determination of the discounts would not produce any economic impact on the essential economic condition of the hotels and of the employees in connection with the reasonable benefits and real wages. Any possible procedural defect committed in the approval of § VI should not cause its nullity inasmuch as it would be academic and would lack any concrete effect as to the economic situation of the parties.

The interdependence of the factors pointed out, determinative of the fact that a fluctuation in the factors would not alter the essential results, necessarily implies that § VI is not subject to attack. The validity of § VI, therefore, must be sustained. Since the decree assumes a legislative nature, said pronouncement, which we now adopt, is extensive and applicable to all the hotels to which § VI applies, including the Caribe Hilton, the Condado Beach and Palace Hotel, and the petitioner in the case at bar.

Decree No. 22 is declared valid.

MR. JUSTICE SIFRE dissents in the opinion and judgment rendered on reconsideration today insofar as they uphold the validity of § VI of Decree No. 22.